No. 12,328.

G. HERBERT ELLERBE VS. HENRY C. MINOR.

A contractor is responsible for the damages resulting from his failure to complete the work in time.

The price was due, less the damages.

There was no negligence or failure of the defendant to take reasonable precautions to reduce the damages.

The operations usual in saving a crop of cane were those adopted in matter of grinding defendant's cane.

The evidence is indefinite; the amount and value of the unfinished work was not shown. We are not satisfied that justice requires a disturbance of the judgment of the lower court.

APPEAL from the Eighteenth Judicial District Court for the Parish of Terrebonne. *Caillouet, J.*

*Philip H. Mentz* for Plaintiff, Appellant.

*L. F. Suthon* for Defendant, Appellee.

Submitted on briefs January 4, 1897.
Opinion handed down January 18, 1897.
Rehearing refused March 1, 1897.

The opinion of the court was delivered by

BREAUX, J. This action was brought by the plaintiff for one thousand five hundred and forty-one dollars and four cents, balance claimed on a written contract for which he recovered judgment subject as credit, to a portion of the amounts which the defendant in his reconventional demand claimed as due.

The amount of the demand in reconvention is within the jurisdiction of this court, and the reconventional demand alone is before the court. From the judgment (on this reconventional demand) the plaintiff and the defendant prosecute this appeal.

The facts are that the plaintiff, Ellerbe, agreed to lay a railway on defendant's plantation; to furnish the materials and to erect two cane hoists.

The defendant avers that the track was to be completed and

ready for use by September 15, 1894, in time for hauling his cane crop.

He alleges that he had not the use of the railway in time to haul his entire crop and that he had to expend an amount for putting the track in proper condition. The consequent damages he claims aggregating two thousand and six hundred dollars.

The first issue here involved is non-performance of the contract by plaintiff within the specified time and damage for consequent breach.

The questions are principally of fact. We have, for that reason, made as complete a summary as possible of the testimony of the witnesses.

The plaintiff in his testimony as a witness admits that the road was not completed and ready for service at the date stipulated in the contract. It appears that on the 5th of November the road was not completed. On that date the plaintiff informed the defendant, Minor, that there was no objection to his using the road, when safe for the running of cars and locomotives, and further that such use would not be considered by him as an acceptance of the road.

The civil engineer who had charge of the construction for the plaintiff testified, that one-half of the road was completed about the first of November, and the remainder about the middle of that month, at which time it was in sufficiently good order to be used.

Subsequently, the witness says, he told the defendant that the road was completed about the 18th or 20th of November, and that about a week after the defendant had it inspected while the witness, who was a subcontractor or had some interest in the work, was on the plantation, and had been informed that an inspection would be made.

The road, although inspected, was not inspected by a civil engineer, as required by one of the stipulations of the contract.

A roadmaster of the Southern Pacific made the inspection. It was objected that he was not qualified to pass upon the work as required by the contract. His opinion was that the work was roughly done and not at all in a workmanlike manner. Another witness testifies that the grinding of cane began on the 11th of October. He was the engineer at the mill.

He corroborated, in some respects, the testimony of the witness who made the special examination of the track. He testified that

the cars were received on defendant's plantation a few days before the grinding began. A part of them were ready for use on the day the defendant began hauling his cane and the remainder a few days thereafter.

The manager of the plantation testified that there was considerable delay in completing the road; that the first cane hauled in the cars over the railroad was on the 9th of November; that from the 11th of October to the first date, cane was hauled to the sugar house in wagons, and that altogether, between those dates 6926 tons were hauled in wagons; that the difference in favor of cars, as between cars and wagon hauling, is twenty-three and one-half cents in favor of the former.

With reference to minimizing damages, he testifies that the defendant began to cut his cane and to haul it from places in the fields most advantageous to the proprietor, having in view the saving of the crop, and that the operations in taking in the crop were conducted with due regard to lessening the loss.

As to any necessity to have placed the plaintiff in default as a condition precedent to a demand for damages.

By the conditions of the contract the subsequent agreement between the parties to the contract and the admission of plaintiff as a witness during the trial, we think we are justified in concluding that it is not an issue in the case.

Moreover, it is not referred to in plaintiff's brief.

We pass from it and take up the actual issues before us for decision.

The plaintiff, in view of the facts, is only bound by the loss defendant has sustained growing out of the failure to timely complete the work required by the stipulations of the contract. C. C. 1934.

The difficulty of determining the amount of the loss with precision is manifest. In appreciating the facts and fixing the amount due the rules of equity necessarily must have great weight.

First, as to the failure to complete the road in time and the extent of the loss it occasioned.

The weight of the testimony amply shows that the road was not ready for use before November 9.

The testimony is conflicting as to the date the defendant was ready with his cars to begin hauling. The District Judge fixed the 11th of

October, the date this hauling commenced, and as the day the defend-
ant had a sufficient number of cars ready for use, if the road had
been ready to obviate the more expensive hauling with wagons.
The testimony would not warrant us in disagreeing with the court
*a qua* as to this date.

We think it is correct and that it was not improperly determined,
that the defendant, under the conditions of the contract, was enti-
tled to the use of the road on the 25th of September, in order to be
amply in time to haul his cane, and that on the 11th of the month
following he had a sufficient number of cars to haul his cane. It is
true that there was some delay in setting up the cars. The fact re-
mains that there were a number of them ready for use on the 11th,
and the gist of the testimony is that all the hauling would have been
by cars had the road been ready for use at the time agreed upon.

The plaintiff, in the second place, urges an objection that it was
the duty of the defendant to minimize his losses when he saw them
approaching.

The principle stated implies that one who has been negligent
should not recover the damages he might have avoided. The evi-
dence does not disclose that the defendant was negligent or that his
acts were such as to aggravate the loss. He could not be expected
to lessen the possibility of saving his own crop, or of incurring a loss
in the cane's yield, by cutting and hauling cane with the view of
minimizing damages. We are informed by the testimony the de-
fendant began by cutting his stubbles at places in the field as in pre-
ceding years.

The usual judgment in such matters was exercised, and there was
no improper act in this respect giving ground for complaint. The
object, it was said—and it was not contradicted—was to save the
crop. In this plaintiff also had an interest. In case of loss of crop
a question of damages might have arisen.

The plaintiff, appellant, in regard to the damages we have
discussed, urged that no damages should be allowed, while the de-
fendant claimed a larger amount. We think the judgment is sub-
stantially correct.

The defendant also claims that the track was so defective and badly
made that he was put to an expense of seven hundred dollars to put
it in proper condition.

A plea in reconvention, in order that it may be allowed and judg-

Ellerbe vs. Minor.

ment granted thereon, must be sustained by testimony proving up the claim pleaded.

In general terms the defendant testified that his expenses to repair the deficiency in the work was about the amount claimed.

No account was kept, at any rate there is no account of record and not one of the items of these expenses were proven by reference to the item itself. No legal claims for damages on this ground is made out.

The defendant has had his day in court and has failed to make satisfactory proof of his claim for repairs. We do not think that he is entitled to a non-suit.

The purpose of the suit was to settle the mutual claim pleaded.

The defendant having failed to sustain his plea with sufficient evidence, we do not think that the rule applying would justify us in dismissing the demand as in case of non-suit.

Moreover, the facts and circumstances were such as to require a notice to the contractor from the owner before undertaking and finishing the unfinished work.

Another question of fact involved here was as to cane hoists. They did not, at first, prove satisfactory and some change had to be made. The estimate of the needful cost chargeable to plaintiff varies. The amount of credit given in the judgment for the change made, we think, should remain as it is.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

The application is based principally upon fact. The defendant claims that on his reconventional demand, damages should have been allowed for twenty-nine days instead of fifteen days.

We have re-examined the record and have found that the manager of defendant's plantation testified that the first cars to be used on the road in question were received between the 8th and 10th of October, and that the whole eighty cars were ready for use fifteen days from the day the first car arrived.

This statement, we think, is supported by the weight of the testimony of the other witnesses and sustains the correctness of the number of days fixed by the decree.

With reference to the item for alleged extra work, in that respect also we have found no cause to alter our decree.

Rehearing refused.